# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

MARVIN PARKER, MICHAEL PARKER, DRUE WIMMER, WILLIAM LINDSEY, LUCIA REAVES, THOMAS DALLY, MARILYN BENNETT, THOMAS BENNETT, JESSE HOPKINS, SHANNON SMITH, individually and as next friend of S.S.1, B.S., J.S., M.S., P.H., and S.S.2,  AMY NOWLIN, individually and as next friend of L.N., CYNTHIA SMITH, BART SMITH, ROSE FORREST, LINDA JENT, THOMAS JENT, ETTA SIGALA, AMBER SALVADOR, individually and as next friend of  S.S., G.R.C., and A.R., JEFF BERTSCH, ELLSIE BENTLEY, ANGELA MARTINEZ, JESSE BERTSCH, ADAM BERTSCH, BENJAMIN DAVILA, LINDA DAVILA, JESSE DAVILA, MITCHEL BIRD, individually and as proposed representative of the estate of SHIRLEY BIRD, KATHLEEN STRAYER, JEFFREY WARKOCZ, STEVEN HARRIS,  individually and as next friend of L.H., B.H., and S.H., FRANK STRAYER, MICHAEL JONES, JACOB JONES, PAUL POLLARD, ANITA NITER, DAVID STARCHER, CURTISS WOOD, LINDA BOTTCHER, ROBERT EHRIE, STEPHANIE ORCHID EHRIE, individually and as next friend of H.E.E. and J.D.E., CRAIG WHISMAN, MICHAEL FOTIS, NORMAN BRASHERS, ROBERT ELEY, JUDITH ELEY, SHELBY GACNIK, individually and as next friend of J.G., JOSHUA GACNIK, SR., KATHERINE WILSON, ARTHUR BLAZIC, JR., JESSIE MCELWEE, STEPHANIE BRUNSON, MICHAEL BABCOCK, MELISSA BABCOCK, JOSHUA BABCOCK, DEENA HRITZ-SUSA, GAIL QUINN, STEVEN BONETA, SHERRI SZKLARSKI, DOUGLAS SZKLARSKI, SARAH AUSTIN, PATRICK AUSTIN,

1

JOSEPH RANKINS, ANTHONY FARIA, JOHN FARMER, THOMAS NEGRETTE, ELIZABETH HOYT, individually and as next friend of R.H., ROBERT HOYT, JR., ONEIL LEVASSEUR, JR., NAYA LEVASSEUR, LEO SCHAFER, DEBORAH HARRIS, individually and as proposed representative of the estate of RICHARD HARRIS, LEON REZNICK, SHIRLEY COOKE, MARIA CORTES, OLIVIA VALENZUELA, JOSIAH VALENZUELA, individually and as next friend of J.V. and M.V., JULIA PYATT, individually and as next friend of D.P., CHRISTOPHER PAROLA,
FLOYD WEST, ELSIE WEST, DENISE WOODWORTH, individually and as next friend of E.A., BERNADETTE GARCIA, JASON LUCE, GWEN JOSEPH, FRANKIE JOSEPH, AENG MILLER, RONALD MILLER, ANTHONY SPRY, DEANDREA THOMAS, SHELLY MORRIS, DAWN HOSKINSON-JORDAN, DEVON BOTT, GLEN MILLER, GLEN MILLER, JR., CHARLENE MILLER, LESA MCCULLOH, ALEXIS MILLER, DYLAN MILLER, ALYSSA PALOMBA, SUZAN BOLINGER, individually and as proposed representative of the estate of CHARLES BOLINGER, SCOTT SWOPE, MARY SWOPE, ROBERT WILLIAMS, MARK DUFORD, AARON DUFORD, SARA DUFORD, CHRISTOPHER CALDWELL, MATTHEW CALHOUN, ANGELA CALHOUN, KUM DAY, DONALD DAY, SR., JOSEPH MARTINEZ, SANDRA FORD, BRYAN FORD, RAYVEN IRONS, KENDALL KULLMAN, KAREN WALKER SPARKMANN, ANNAMARIA WALKER, JADE WALKER, individually and as next friend of T.T., STARRLITE WALKER, GWENDOLYN SPITZMILLER, MICHAEL SPITZMILLER, CHRISTINA SJOSTROM, individually and as next friend of A.S, MATTHEW SJOSTROM, AMANDA MIKSCHL, individually and as next friend of M.J., WILLIAM MIKSCHL, CARL CRISP, PAMELA CRISP, individually and as next

friend of D.C., A.S., J.S., and D.S., VERA
SMITH, RAYMOND SMITH, GEORGINA
MONTGOMERY, ARRON MONTGOMERY,
JENEA LAWRENCE, individually and as next
friend of Z.L., R.L., and S.L., MICHAEL
BALLEW, CANDY BALLEW, DANNY
RODRIGUEZ, individually and as next friend of
M.R., MEAGAN LEARNED, individually and
as next friend of S.L., THOMAS SMITH,
CAROL CORPUZ, ARTURO CORPUZ,
ASHLEY CORPUZ, SUSAN GRIPPO,
MARIANN DEMONJA, SUSAN BURKETT,
SCOTT ABRAHAMSEN, AUDREY
ABRAHAMSEN, GEORGE GRISHAM, REY
BRAY, CALEB TURNER, JIMMY TURNER,
SOREN TURNER, MARY VIGIL, DANIEL
VIGIL, JAMES JOHNSTON, EDWARD
ZABRISKIE, KEYADA KNOTEN-
HICKERSON, CARL CHRISTIAN, NOAH
RIEGER, ROBERT RIEGER, TRACY CLARK,
individually and as next friend of N.R., ADELE
GILLILAND, ALBERT ESPINOZA, ALISA
REAGAN, HEIKE REAGAN, individually and
as next friend of A.R., TROY REAGAN, CORA
MEREDITH, individually and as next friend of
C.C., STEVEN ENGSBERG, FERNE
ENGSBERG, and CHRISTA GOKEY
*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,

INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs, Marvin Parker, Michael Parker, Drue Wimmer, William Lindsey, Lucia Reaves, Thomas Dally, Marilyn Bennett, Thomas Bennett, Jesse Hopkins, Shannon Smith, individually and as next friend of S.S.1, B.S., J.S., M.S., P.H., and S.S.2,  Amy Nowlin, individually and as next friend of L.N., Cynthia Smith, Bart Smith, Rose Forrest, Linda Jent, Thomas Jent, Etta Sigala, Amber Salvador, individually and as next friend of  S.S., G.R.C., and A.R., Jeff Bertsch, Ellsie Bentley, Angela Martinez, Jesse Bertsch, Adam Bertsch, Benjamin Davila, Linda Davila, Jesse Davila, Mitchel Bird, individually and as proposed representative of the estate of Shirley Bird, Kathleen Strayer, Jeffrey Warkocz, Steven Harris, individually and as next friend of L.H., B.H., and S.H., Frank Strayer, Michael Jones, Jacob Jones, Paul Pollard, Anita Niter, David Starcher, Curtiss Wood, Linda Bottcher, Jasmine Dawn Ehrie, Robert Ehrie, Stephanie Orchid Ehrie, individually and as next friend of H.E.E. and J.D.E., Craig Whisman, Michael Fotis, Norman Brashers, Robert Eley, Judith Eley, Shelby Gacnik, individually and as next friend of J.G., Joshua Gacnik, Sr., Katherine Wilson, Arthur Blazic, Jr., Jessie Mcelwee, Stephanie Brunson, Michael Babcock, Melissa Babcock, Joshua Babcock, Deena Hritz-Susa, Gail Quinn, Steven Boneta, Sherri Szklarski, Douglas Szklarski, Sarah Austin, Patrick Austin, Joseph Rankins, Anthony Faria, John Farmer, Thomas Negrette, Elizabeth Hoyt, individually and as next friend of R.H., Robert Hoyt, Jr., Oneil Levasseur, Jr., Naya Levasseur, Leo Schafer, Deborah Harris, individually and as proposed representative of the estate Richard Harris, Leon Reznick, Shirley Cooke, Maria Cortes, Olivia Valenzuela, Josiah Valenzuela, individually and as next friend of J.V. and M.V., Julia Pyatt, individually and as next friend of D.P., Christopher Parola, Floyd West, Elsie West, Denise Woodworth, individually and as next friend of E.A., Bernadette Garcia, Jason Luce, Gwen Joseph, Frankie Joseph, Aeng Miller, Ronald Miller, Anthony Spry, Deandrea Thomas, Shelly Morris, Dawn Hoskinson-Jordan, Devon Bott, Glen Miller, Glen Miller, Jr., Charlene Miller, Lesa Mcculloh, Alexis Miller, Dylan Miller, Alyssa Palomba, Suzan Bolinger, individually and as proposed representative of the estate of Charles Bolinger, Scott Swope, Mary Swope, Robert Williams, Mark Duford, Aaron Duford, Sara Duford, Christopher Caldwell, Matthew Calhoun, Angela Calhoun, Kum Day, Donald Day, Sr.,

Joseph Martinez, Sandra Ford, Bryan Ford, Rayven Irons, Kendall Kullman, Karen Walker Sparkmann, Annamaria Walker, Jade Walker, individually and as next friend of T.T., Starrlite Walker, Gwendolyn Spitzmiller, Michael Spitzmiller, Christina Sjostrom, individually and as next friend of A.S., Matthew Sjostrom, Amanda Mikschl, individually and as next friend of M.J., William Mikschl, Carl Crisp, Pamela Crisp, individually and as next friend of D.C., A.S., J.S., and D.S., Vera Smith, Raymond Smith, Georgina Montgomery, Arron Montgomery, Jenea Lawrence, individually and as next friend of Z.L., R.L., and S.L, Michael Ballew, Candy Ballew, Danny Rodriguez, individually and as next friend of M.R.,  Meagan Learned, individually and as next friend of S.L., Thomas Smith, Carol Corpuz, Arturo Corpuz, Ashley Corpuz, Susan Grippo, Mariann Demonja, Susan Burkett, Scott Abrahamsen, Audrey Abrahamsen, George Grisham, Rey Bray, Caleb Turner, Jimmy Turner, Soren Turner, Mary Vigil, Daniel Vigil, James Johnston, Edward Zabriskie, Keyada Knoten-Hickerson, Carl Christian, Noah Rieger, Robert Rieger, Tracy Clark, individually and as next friend of N.R., Adele Gilliland, Albert Espinoza, Alisa Reagan, Heike Reagan, individually and as next friend of A.R., Troy Reagan, Cora Meredith, individually and as next friend of C.C., Steven Engsberg, Ferne Engsberg,  And Christa Gokey by and through their undersigned counsel, hereby file this Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## **INTRODUCTION**

1.      The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado.

2.      The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.      The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use

agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4.      Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5.      The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.      The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7.      The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8.      The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.      On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.      As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.      In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.

contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18.     EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.     Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

20.     These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

21.     The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.     Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23.     The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of

---

[2] *Id.*

[3] *Id.*

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24.     The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.     The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.     The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.     There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.     The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado.

**Health Effects of PFOS and PFOA Exposure**

29.     Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

9

30.     PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.     The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.     In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.     In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.     In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.     The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36.     According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.     Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.     On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty.   It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFF'S EXPOSURE AND DAMAGES

41.     Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

42.     Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

43.     Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury, property damage, and the diminution of property values due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

44.     The properties of the Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45.     Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

47.     This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

49.     Plaintiff Marvin Parker currently owns and resides at 2183 Mccleary Lane. As a result of Marvin Parker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marvin Parker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

50.     Plaintiff Michael Parker currently owns and resides at 2183 Mccleary Lane. As a result of Michael Parker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Parker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

51.     Plaintiff Drue Wimmer currently resides at 219 Fairfax Street. As a result of Drue Wimmer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Drue Wimmer has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

52.     Plaintiff William Lindsey currently owns and resides at 22 Taso Circle. As a result of William Lindsey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Lindsey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

53.     Plaintiff Lucia Reaves currently owns and resides at 2207 Harpoon Drive. As a result of Lucia Reaves's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lucia Reaves has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

54.     Plaintiff Thomas Dally currently owns and resides at 2213 Ivanhoe Drive. As a result of Thomas Dally's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Dally has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

55.     Plaintiff Marilyn Bennett currently owns and resides at 222 Oriole Street. As a result of Marilyn Bennett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marilyn Bennett has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Hypothyroidism; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

56.     Plaintiff Thomas Bennett currently owns and resides at 222 Oriole Street. As a result of Thomas Bennett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Bennett has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

57.     Plaintiff Jesse Hopkins currently resides at 223 Cielo Vista St. As a result of Jesse Hopkins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jesse Hopkins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

58.     Plaintiff Shannon Smith, individually and as parent and natural guardian of S.S.1, B.S., J.S., M.S., P.H., and S.S.2 currently owns and resides at 223 Cielo Vista St. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shannon Smith, S.S.1, B.S., J.S., M.S., P.H., and S.S.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Shannon Smith has been diagnosed with Pregnancy Problems and B.S. has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

59.     Plaintiff Amy Nowlin, individually and as parent and natural guardian of L.N., currently resides at 2234 Cortez Drive. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amy Nowlin and L.N. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Amy Nowlin has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

60.     Plaintiff Cynthia Smith currently owns and resides at 224 Rose Drive. As a result of Cynthia Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking

water supply, Cynthia Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

61.    Plaintiff Bart Smith currently owns and resides at 224 Rose Drive. As a result of Bart Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bart Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

62.    Plaintiff Rose Forrest currently owns and resides at 2241 Frontier Dr. As a result of Rose Forrest's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rose Forrest has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

63.    Plaintiff Linda Jent currently owns and resides at 2242 Cortez Drive. As a result of Linda Jent's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Jent has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

64.    Plaintiff Thomas Jent currently owns and resides at 2242 Cortez Drive. As a result of Thomas Jent's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Jent has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

65.    Plaintiff Etta Sigala currently resides at 225 Cunningham Drive. As a result of Etta Sigala's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Etta Sigala has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with; Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

66.     Plaintiff Amber Salvador, individually and as parent and as natural guardian of S.S., G.R.C., and A.R., currently resides at 225 N Race Street, Unit B. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amber Salvador, S.S., G.R.C., and A.R., has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Amber Salvador has been diagnosed with Pregnancy Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

67.     Plaintiff Jeff Bertsch currently resides at 2258 Bison Drive. As a result of Jeff Bertsch's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeff Bertsch has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with; Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

68.     Plaintiff Ellsie Bentley currently resides at 2258 Bison Drive, 11700 Peaceful Valley Rd. As a result of Ellsie Bentley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ellsie Bentley has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

69.     Plaintiff Angela Martinez currently owns and resides at 2258 Bison Drive. As a result of Angela Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Martinez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

70.     Plaintiff Jesse Bertsch currently resides at 2258 Bison Drive, 217 Cunningham Drive. As a result of Jesse Bertsch's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jesse Bertsch has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

71.     Plaintiff Adam Bertsch currently resides at 2258 Bison Drive, 1245 Modell Drive. As a result of Adam Bertsch's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Adam Bertsch has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

72.     Plaintiff Benjamin Davila currently owns and resides at 228 Fairfax Street. As a result of Benjamin Davila's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Benjamin Davila has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

73.     Plaintiff Linda Davila currently owns and resides at 228 Fairfax Street. As a result of Linda Davila's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Davila has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

74.     Plaintiff Jesse Davila currently resides at 228 Fairfax Street. As a result of Jesse Davila's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jesse Davila has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

75.     Plaintiff Mitchel Bird currently owns and resides at 229 Cunningham Drive, Colorado Springs, CO 80911. As a result of Mitchel Bird's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Mitchel Bird has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

76.     Plaintiff Mitchel Bird brings this action individually and as proposed representative of the Estate of Shirley Bird. For all times relevant herein, Mitchel Bird owned and resided at 229 Cunningham Drive, Colorado Springs, CO 80911. As a result of Shirley Bird's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shirley Bird had elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and was diagnosed with Kidney Cancer, and subsequently passed away. The Plaintiff currently resides in or resided in El Paso County, Colorado.

77.     Plaintiff Kathleen Strayer currently owns and resides at 2305 Chimayo Drive. As a result of Kathleen Strayer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathleen Strayer has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

78.     Plaintiff Jeffrey Warkocz currently resides at 2305 Chimayo Drive. As a result of Jeffrey Warkocz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeffrey Warkocz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

79.     Plaintiff Steven Harris, individually and as parent and natural guardian of L.H., B.H., and S.H., currently resides at 2305 Chimayo Drive. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Harris, L.H.,

B.H., and S.H., have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Steven Harris has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

80.     Plaintiff Frank Strayer currently owns and resides at 2305 Chinayo Drive. As a result of Frank Strayer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frank Strayer has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

81.     Plaintiff Michael Jones resided at 514 Comanche Viillage Dr, Colorado Springs, CO 80911 for all times relevant herein. As a result of Michael Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Jones has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with ; High Cholesterol; Kidney Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

82.     Plaintiff Jacob Jones resided at 514 Comanche Village Drive, Colorado Springs, CO 80911 for all times relevant herein. As a result of Jacob Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jacob Jones has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

83.     Plaintiff Paul Pollard currently owns and resides at 231 Quebec Street. As a result of Paul Pollard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Pollard has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

84.     Plaintiff Anita Niter currently resides at 231 Quebec Street. As a result of Anita

Niter's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anita Niter has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

85. Plaintiff David Starcher currently resides at 2316 Split Rock Drive. As a result of David Starcher's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Starcher has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

86. Plaintiff Curtiss Wood currently resides at 2322 Cactus Dr. As a result of Curtiss Wood's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Curtiss Wood has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

87. Plaintiff Linda Bottcher currently resides at 2322 Cactus Drive. As a result of Linda Bottcher's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Bottcher has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

88. Plaintiff Robert Ehrie currently resides at 2322 Cactus Drive. As a result of Robert Ehrie's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Ehrie has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

89. Plaintiff Stephanie Orchid Ehrie, individually and as parent and natural guardian of H.E.E. and J.D.E., currently resides at 2322 Cactus Drive. As a result of their exposure to

elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Orchid Ehrie, H.E.E., and J.D.E. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Stephanie Orchid Ehrie has been diagnosed with Pregnancy Problems; Thyroid Problems and J.E. has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

90.     Plaintiff Craig Whisman currently owns and resides at 2344 South Thelma Street. As a result of Craig Whisman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Craig Whisman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

91.     Plaintiff Michael Fotis currently resides at 235 Southeast 16th Ave. As a result of Michael Fotis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Fotis has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

92.     Plaintiff Norman Brashers currently owns and resides at 236 Cunningham Drive. As a result of Norman Brashers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Norman Brashers has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

93.     Plaintiff Robert Eley currently owns and resides at 240 Harvard St. As a result of Robert Eley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Eley has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and

has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

94.    Plaintiff Judith Eley currently owns and resides at 240 Harvard St. As a result of Judith Eley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Judith Eley has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

95.    Plaintiff Shelby Gacnik, individually and as parent and natural guardian of J.G., currently owns and resides at 240 Marsh Court. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shelby Gacnik and J.G. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Shelby Gacnik has been diagnosed with High Cholesterol. The Plaintiffs currently resides in or resided in El Paso County, Colorado.

96.    Plaintiff Joshua Gacnik, Sr. currently owns and resides at 240 Marsh Court 4245 Chenago Drive. As a result of Joshua Gacnik, Sr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Gacnik, Sr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

97.    Plaintiff Katherine Wilson currently owns and resides at 2400 W. Midvalley Ave #D4. As a result of Katherine Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Katherine Wilson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

98.    Plaintiff Arthur Blazic Jr. currently resides at 24041 Silver Bonnett Point. As a

result of Arthur Blazic Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Arthur Blazic Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

99.    Plaintiff Jessie McElwee currently owns and resides at 2406 Frontier Drive. As a result of Jessie McElwee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jessie McElwee has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

100.    Plaintiff Stephanie Brunson currently resides at 2413 Brewster St. As a result of Stephanie Brunson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Brunson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

101.    Plaintiff Michael Babcock currently owns and resides at 2414 Chimayo Dr. As a result of Michael Babcock's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Babcock has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

102.    Plaintiff Melissa Babcock currently resides at 2414 Chimayo Drive, 10323 Declaration Dr. As a result of Melissa Babcock's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Melissa Babcock has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

103.    Plaintiff Joshua Babcock currently resides at 2414 Chimayo Drive, 709 E Ohio

Ave. As a result of Joshua Babcock's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Babcock has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

104.    Plaintiff Deena Hritz-Susa currently owns and resides at 2416 Willard Drive. As a result of Deena Hritz-Susa's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deena Hritz-Susa has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

105.    Plaintiff Gail Quinn currently resides at 2425 Grimsby Dr. As a result of Gail Quinn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gail Quinn has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

106.    Plaintiff Steven Boneta currently owns and resides at 245 Turf Trail Place. As a result of Steven Boneta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Boneta has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with Testicular Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

107.    Plaintiff Sherri Szklarski currently owns and resides at 24725 Speer Road. As a result of Sherri Szklarski's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sherri Szklarski has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Liver Problems; Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

108.     Plaintiff Douglas Szklarski currently owns and resides at 24725 Speer Road. As a result of Douglas Szklarski's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Douglas Szklarski has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

109.     Plaintiff Sarah Austin currently owns and resides at 248 Davie Drive. As a result of Sarah Austin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sarah Austin has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

110.     Plaintiff Patrick Austin currently owns and resides at 248 Davie Drive 5080 Hopkins Dr. As a result of Patrick Austin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patrick Austin has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

111.     Plaintiff Joseph Rankins currently resides at 2495 Willow Tree Grove, Apt. 106. As a result of Joseph Rankins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Rankins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

112.     Plaintiff Anthony Faria currently owns and resides at 2502 Cactus Drive. As a result of Anthony Faria's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anthony Faria has elevated levels of PFOA, PFOS, and/or PFCs in

Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

113.    Plaintiff John Farmer currently owns and resides at 2506 Cody Dr. As a result of John Farmer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Farmer has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

114.    Plaintiff Thomas Negrette currently owns and resides at 2506 Ivanhoe Drive. As a result of Thomas Negrette's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Negrette has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

115.    Plaintiff Elizabeth Hoyt, individually and as parent and natural guardian of R.B., currently owns and resides at 252 Davie Dr. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Hoyt and R.B. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Elizabeth Hoyt has been diagnosed with High Cholesterol; Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

116.    Plaintiff Robert Hoyt, Jr. currently owns and resides at 252 Davie Drive. As a result of Robert Hoyt, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Hoyt, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

117.    Plaintiff Oneil Levasseur, Jr. currently resides at 252 Harvard Street. As a result

of Oneil Levasseur, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Oneil Levasseur, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

118.    Plaintiff Naya Levasseur currently resides at 252 Harvard Street. As a result of Naya Levasseur's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Naya Levasseur has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

119.    Plaintiff Leo Schafer currently resides at 2521 Chimayo Drive. As a result of Leo Schafer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Leo Schafer has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

120.    Plaintiff Deborah Harris brings this action individually and as proposed representative of the Estate of Richard Harris. For all times relevant herein, Deborah Harris rented and resided at 2521 Chimayo Drive, Security, CO 809110000. As a result of Richard Harris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Harris had elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and subsequently passed away. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

121.    Plaintiff Leon Reznick currently resides at 2521 Chimayo Drive. As a result of Leon Reznick's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Leon Reznick has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

122.     Plaintiff Shirley Cooke currently resides at 2536 East Saint Vrain. As a result of Shirley Cooke's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shirley Cooke has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

123.     Plaintiff Maria Cortes currently resides at 255 Dix Cir, 4921 Sebring Drive. As a result of Maria Cortes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maria Cortes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

124.     Plaintiff Olivia Valenzuela currently resides at 255 Dix Circle. As a result of Olivia Valenzuela's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Olivia Valenzuela has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

125.     Plaintiff Josiah Valenzuela, individually and as parent and natural guardian of J.V. and M.V., currently owns and resides at 255 Dix Circle. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Josiah Valenzuela, J.V. and M.V. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

126.     Plaintiff Julia Pyatt, individually and as parent and natural guardian of D.P., currently resides at 255 Dix Circle. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Julia Pyatt and D.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso

County, Colorado.

127.    Plaintiff Christopher Parola currently owns and resides at 256 Sherri Dr. As a result of Christopher Parola's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Parola has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

128.    Plaintiff Floyd West currently owns and resides at 2561 Chimayo Drive. As a result of Floyd West's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Floyd West has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

129.    Plaintiff Elsie West currently owns and resides at 2561 Chimayo Drive. As a result of Elsie West's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elsie West has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

130.    Plaintiff Denise Woodworth, individually and as parent and natural guardian of E.A., currently resides at 260 Justice Center 3031 Poughkeepsie Drive, Canon City, CO 81212-. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Denise Woodworth and E.A. have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

131.    Plaintiff Bernadette Garcia currently owns and resides at 2602 Chimayo Dr. As a result of Bernadette Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bernadette Garcia has elevated levels of PFOA, PFOS, and/or PFCs in

Plaintiff's blood, and has been diagnosed with Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

132.    Plaintiff Jason Luce currently resides at 2602 Chimayo Drive. As a result of Jason Luce's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason Luce has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

133.    Plaintiff Gwen Joseph currently owns and resides at 26211 Presidio Mesa. As a result of Gwen Joseph's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gwen Joseph has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

134.    Plaintiff Frankie Joseph currently owns and resides at 26211 Presidio Mesa. As a result of Frankie Joseph's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frankie Joseph has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

135.    Plaintiff Aeng Miller resided at 219 Fairfax St, Colorado Springs, CO 80911 for all times relevant herein. As a result of Aeng Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Aeng Miller has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

136.    Plaintiff Ronald Miller currently owns and resides at 26316 Stone Road. As a result of Ronald Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ronald Miller has elevated levels of PFOA, PFOS, and/or PFCs in

Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

137. Plaintiff Anthony Spry currently resides at 2714 N Minnesota Ave. As a result of Anthony Spry's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anthony Spry has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

138. Plaintiff Deandrea Thomas currently resides at 2745 Deerwood Lane SW. As a result of Deandrea Thomas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deandrea Thomas has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

139. Plaintiff Shelly Morris currently owns and resides at 2785 Helmsdale Dr. As a result of Shelly Morris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shelly Morris has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

140. Plaintiff Dawn Hoskinson-Jordan currently owns and resides at 280 Harvard St. As a result of Dawn Hoskinson-Jordan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dawn Hoskinson-Jordan has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

141. Plaintiff Devon Bott currently resides at 280 Harvard Street. As a result of Devon Bott's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Devon Bott has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been

diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

142.    Plaintiff Glen Miller currently resides at 281 Dexter St. As a result of Glen Miller Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Glen Miller Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

143.    Plaintiff Glen Miller Jr. currently resides at 281 Dexter St. As a result of Glen Miller Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Glen Miller Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

144.    Plaintiff Charlene Miller currently owns and resides at 281 Dexter St. As a result of Charlene Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charlene Miller has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

145.    Plaintiff Lesa McCulloh currently resides at 281 Dexter Street. As a result of Lesa McCulloh's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lesa McCulloh has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

146.    Plaintiff Alexis Miller currently resides at 281 Dexter Street. As a result of Alexis Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alexis Miller has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

147.    Plaintiff Dylan Miller currently resides at 281 Dexter Street. As a result of Dylan Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dylan Miller has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

148.    Plaintiff Alyssa Palomba currently resides at 2844 Chillingworth Dr. As a result of Alyssa Palomba's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alyssa Palomba has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

149.    Plaintiff Suzan Bolinger currently resides at 2923 Dakota Drive, Colorado Springs, CO 80910. As a result of Suzan Bolinger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Suzan Bolinger has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

150.    Plaintiff Suzan Bolinger brings this action individually and as proposed representative of the Estate of Charles Bolinger. For all times relevant herein, Suzan Bolinger owned and resided at 2923 Dakota Drive 2213 Ivanhoe Drive, Colorado Springs, CO 80910. As a result of Charles Bolinger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charles Bolinger had elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and subsequently passed away. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

151.    Plaintiff Scott Swope currently owns and resides at 29425 Wilkerson View. As a result of Scott Swope's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking

water supply, Scott Swope has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

152.   Plaintiff Mary Swope currently owns and resides at 29425 Wilkerson View. As a result of Mary Swope's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Swope has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

153.   Plaintiff Robert Williams currently owns and resides at 301 Pecos Drive. As a result of Robert Williams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Williams has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

154.   Plaintiff Mark DuFord resided at 7140 and 7170 Alegre Circle, and 335 Trapper Lane. . As a result of Mark DuFord's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark DuFord has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Kidney Cancer.

155.   Plaintiff Aaron DuFord resided at 7140 and 7170 Alegre Circle, and 335 Trapper Lane.  As a result of Aaron DuFord's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Aaron DuFord has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

156.   Plaintiff Sara DuFord resided 7140 and 7170 Alegre Circle, and 335 Trapper Lane.  As a result of Sara DuFord's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sara DuFord has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with  Thyroid Problems. The Plaintiff currently resides

in or resided in El Paso County, Colorado.

157.    Plaintiff Christopher Caldwell currently resides at 3020 Skyview Ave. As a result of Christopher Caldwell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Caldwell has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

158.    Plaintiff Matthew Calhoun currently resides at 3022 Morris Ave. As a result of Matthew Calhoun's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Matthew Calhoun has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

159.    Plaintiff Angela Calhoun currently resides at 3022 Morris Ave. As a result of Angela Calhoun's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Calhoun has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Hyperthyroidism. The Plaintiff currently resides in or resided in El Paso County, Colorado.

160.    Plaintiff Kum Day currently owns and resides at 303 West Harper St. As a result of Kum Day's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kum Day has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

161.    Plaintiff Donald Day Sr. currently owns and resides at 303 West Harper St. As a result of Donald Day Sr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Donald Day Sr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

162.    Plaintiff Joseph Martinez currently owns and resides at 304 E Missouri Ave. As a result of Joseph Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Martinez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

163.    Plaintiff Sandra Ford currently owns and resides at 304 N Walnut Street. As a result of Sandra Ford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandra Ford has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

164.    Plaintiff Bryan Ford currently owns and resides at 304 N Walnut Street. As a result of Bryan Ford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bryan Ford has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's. blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

165.    Plaintiff Rayven Irons currently resides at 305 Park Avenue Apt 414. As a result of Rayven Irons's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rayven Irons has elevated levels of PFOA, PFOS, and/or PFCs in  Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

166.    Plaintiff Kendall Kullman currently owns and resides at 306 Fairfax Street. As a result of Kendall Kullman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Kendall Kullman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

167.    Plaintiff Karen Walker Sparkmann currently owns and resides at 307 Qubec St. As a result of Karen Walker Sparkmann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Karen Walker Sparkmann has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

168.    Plaintiff Annamaria Walker currently owns and resides at 307 Quebec St. As a result of Annamaria Walker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Annamaria Walker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

169.    Plaintiff Jade Walker, individually and as parent and natural guardian of T.T., currently resides at 307 Quebec Street. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jade Walker and T.T. has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

170.    Plaintiff Starrlite Walker currently resides at 307 Quebec Street. As a result of Starrlite Walker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Starrlite Walker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

171.    Plaintiff Gwendolyn Spitzmiller currently owns and resides at 308 Harvard Street. As a result of Gwendolyn Spitzmiller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gwendolyn Spitzmiller has elevated levels of PFOA, PFOS, and/or

PFCs in Plaintiff's.  The Plaintiff currently resides in or resided in El Paso County, Colorado.

172.    Plaintiff Michael Spitzmiller currently owns and resides at 308 Harvard Street. As a result of Michael Spitzmiller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Spitzmiller has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

173.    Plaintiff Christina Sjostrom, individually and as parent and natural guardian of A.S., currently resides at 3098 Shikra Vw, Colorado Spgs, CO 80916. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christina Sjostrom and A.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood and Christina Sjostrom. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

174.    Plaintiff Matthew Sjostrom currently resides at 3098 Shikra View, Colorado Springs, CO 80916. As a result of Matthew Sjostrom's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Matthew Sjostrom has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

175.    Plaintiff Amanda Mikschl, individually and as parent and natural guardian of J.M., currently owns and resides at 310 Fay Drive. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amanda Mikschl and J.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Amanda Mikschl has  been diagnosed with Pregnancy Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

176.    Plaintiff William Mikschl currently owns and resides at 310 Fay Drive. As a result of William Mikschl's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, William Mikschl has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

177.    Plaintiff Carl Crisp currently owns and resides at 310 Quebec St. As a result of Carl Crisp's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carl Crisp has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

178.    Plaintiff Pamela Crisp, individually and as parent and natural guardian of D.C., A.S., J.S., and D.S., currently resides at 310 Quebec Street 10323 Declaration Drive. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pamela Crisp. D.C., A.S., J.S., and D.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

179.    Plaintiff Vera Smith currently owns and resides at 312 Morningside Drive. As a result of Vera Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Vera Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

180.    Plaintiff Raymond Smith currently owns and resides at 312 Morningside Drive. As a result of Raymond Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Raymond Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

181.    Plaintiff Georgina Montgomery currently owns and resides at 313 Doris Dr. As a result of Georgina Montgomery's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Georgina Montgomery has elevated levels of PFOA, PFOS, and/or

PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

182.    Plaintiff Arron Montgomery currently resides at 313 Doris Dr. As a result of Arron Montgomery's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Arron Montgomery has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

183.    Plaintiff Jenea Lawrence, individually and as parent and natural guardian of Z.L., R.L., and S.L., currently resides at 31336 Rusty Bucket Point. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jenea Lawrence, Z.L., R.L., and S.L has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Jenea Lawrence has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

184.    Plaintiff Michael Ballew currently owns and resides at 31336 Rusty Bucket Pt. As a result of Michael Ballew's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Ballew has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

185.    Plaintiff Candy Ballew currently owns and resides at 31336 Rusty Bucket Pt 565 Calle Entrada. As a result of Candy Ballew's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Candy Ballew has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

186.    Plaintiff Danny Rodriguez, individually and as parent and natural guardian of M.R., currently resides at 314 Stratford Drive Apt 4. As a result of their exposure to elevated

levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danny Rodriguez and M.R. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Danny Rodriguez has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

187.    Plaintiff Megan Learned, individually and as parent and natural guardian of S.L., currently resides at 7225 Alegre Circle, Fountain, CO 80817. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Megan Learned and S.L. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

188.    Plaintiff Thomas Smith currently owns and resides at 317 De La Vista Street. As a result of Thomas Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

189.    Plaintiff Carol Corpuz currently owns and resides at 3170 Poughkeepsie Ave. As a result of Carol Corpuz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carol Corpuz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

190.    Plaintiff Arturo Corpuz currently owns and resides at 3170 Poughkeepsie Dr. As a result of Arturo Corpuz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Arturo Corpuz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

191.    Plaintiff Ashley Corpuz currently owns and resides at 3170 Poughkeepsie Drive. As a result of Ashley Corpuz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Ashley Corpuz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

192.   Plaintiff Susan Grippo currently owns and resides at 318 Iris Drive. As a result of Susan Grippo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susan Grippo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

193.   Plaintiff Mariann Demonja currently owns and resides at 319 Fairfax St. As a result of Mariann Demonja's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mariann Demonja has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

194.   Plaintiff Susan Burkett currently resides at 319 W. Ohio Ave # 33. As a result of Susan Burkett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susan Burkett has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

195.   Plaintiff Scott Abrahamsen currently owns and resides at 32 Circle C Road. As a result of Scott Abrahamsen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Scott Abrahamsen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

196.   Plaintiff Audrey Abrahamsen currently owns and resides at 32 Circle C Road. As a result of Audrey Abrahamsen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Audrey Abrahamsen has elevated levels of PFOA, PFOS, and/or

PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

197.    Plaintiff George Grisham currently resides at 320 W Illinois Ave. As a result of George Grisham's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, George Grisham has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

198.    Plaintiff Rey Bray currently owns and resides at 321 Davie Drive. As a result of Rey Bray's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rey Bray has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

199.    Plaintiff Caleb Turner currently owns and resides at 321 Everett Drive. As a result of Caleb Turner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Caleb Turner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

200.    Plaintiff Jimmy Turner currently owns and resides at 321 Everett Drive. As a result of Jimmy Turner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jimmy Turner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

201.    Plaintiff Soren Turner currently owns and resides at 321 Everett Drive. As a result of Soren Turner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Soren Turner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

202.     Plaintiff Mary Vigil currently resides at 321 Trapper Lane. As a result of Mary Vigil's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Vigil has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

203.     Plaintiff Daniel Vigil currently owns and resides at 321 Trapper Lane. As a result of Daniel Vigil's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Vigil has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood.The Plaintiff currently resides in or resided in El Paso County, Colorado.

204.     Plaintiff James Johnston currently resides at 322 W Alabama Ave. As a result of James Johnston's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Johnston has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

205.     Plaintiff Edward Zabriskie currently resides at 322 West Alabama Avenue. As a result of Edward Zabriskie's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edward Zabriskie has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

206.     Plaintiff Keyada Knoten-hickerson currently resides at 323 E Missouri Ave. As a result of Keyada Knoten-hickerson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Keyada Knoten-hickerson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

207.     Plaintiff Carl Christian currently owns and resides at 323 West Illinois Street. As a result of Carl Christian's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carl Christian has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

208.     Plaintiff Robert Rieger currently resides at 325 S. Brule, #2. As a result of Robert Rieger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Rieger has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

209.     Plaintiff Tracy Clark, individually and as parent and natural guardian of N.R., currently resides at 407 Niagara Street, Colorado Springs, CO 80911. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tracy Clark and N.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and N.R. has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

210.     Plaintiff Adele Gilliland currently resides at 3283 Tailspin Dr. As a result of Adele Gilliland's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Adele Gilliland has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

211.     Plaintiff Albert Espinoza currently owns and resides at 3307 Valley Hi Avenue Apt#A. As a result of Albert Espinoza's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Albert Espinoza has elevated levels of PFOA, PFOS, and/or

PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

212.     Plaintiff Heike Reagan, individually and as parent and natural guardian of A.R., currently owns and resides at 7305 Herbert Ct, Colorado Springs, CO 80911. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Heike Reagan and A.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and A.R. has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

213.     Plaintiff Troy Reagan resided at 7305 Herbert Ct, Colorado Springs, CO 80911 for all times relevant herein. As a result of Troy Reagan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Troy Reagan has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

214.     Plaintiff Cora Meredith, individually and as parent and natural guardian of C.C., currently resides at 3330 Glenarm Road #1. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cora Meredith and C.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Cora Meredith has been diagnosed with High Cholesterol; Pregnancy Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

215.     Plaintiff Steven Engsberg resided at 3340 Congress St, Montrose, CO 81401 for all times relevant herein. As a result of Steven Engsberg's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Engsberg has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol. The

Plaintiff currently resides in or resided in El Paso County, Colorado.

216.     Plaintiff Ferne Engsberg currently owns and resides at 3340 Congress Street. As a result of Ferne Engsberg's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ferne Engsberg has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

217.     Plaintiff Christa Gokey currently owns and resides at 335 Iris Drive. As a result of Christa Gokey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christa Gokey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; hyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

### Defendants

218.     When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

219.     The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

220.     Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged,

either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

221.    Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

222.    3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

223.    3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

224.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

225.    Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

226.    Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is a North Carolina corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

227.    At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

228.    Defendant CHEMGUARD is a Wisconsin corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

229.    At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

230.    Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

231.    Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a North Carolina corporation having a principal place of business at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

232.    KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

233.     KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Connecticut corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

234.     KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

235.     Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

236.     Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

237.     Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

238.     Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

239.     Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

240.     WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

241.     KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

242.     Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

243.     Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

244.     KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

245.     UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

246.     Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

247.     UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

248. NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

249. At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

250. AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

251. AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

252. AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

253. Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

254.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

255.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

256.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

257.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

258.    The USAF uses 3% AFFF for its installations.

259.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

260.    3M was the only company to manufacture PFOS-containing AFFF.

261.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

262.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

263.    In 1947, 3M began producing PFOA via ECF.

264.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

265.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

266.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

267.    PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

268.    By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

269.    As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

270.    Early studies showed that PFCs accumulated in the human body and were toxic.

271.    3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

272.    3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

273.    Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

274. In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

275. Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

276. Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

277. These injuries can arise months or years after exposure to PFOA.

278. As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

279. Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

### AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.

280. Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

281.    Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

282.    At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

283.    The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

284.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

285.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

286.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

287.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

288.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

289.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

290.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

291.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

292.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

293.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

294.    At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

295.    Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF

contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

296.    The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

297.    PFOA and PFOS are present in all Defendants' AFFF products.

298.    Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

299.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

**MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY**

300.    Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

301.    Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

302.    Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

303.    The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

304.    The market for AFFF is ascertainable through standard discovery means.

305.    It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

306.    Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## CONSPIRACY

307.    Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

308.    Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose

of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

309.    Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

310.    Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

311.    Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

312.    Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

313.    Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

314.    Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

315.    Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

316.    Using their considerable resources to fight PFOA and PFOS regulation; and

317.    Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

318.    As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

319.    Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

320.    Created the need for testing and monitoring of Plaintiffs' health for known adverse health effects of PFOA and PFOS;

321.    Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

322.    Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

323.    Diminished, and will continue to diminish, the values of Plaintiffs' properties due to past, actual, impending, or threatened contamination.

## CAUSES OF ACTION FOR INDIVIDUAL CLAIMS AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

324.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

325.    This cause of action is brought pursuant to Colorado law.

326.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

327.   Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

328.   Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

329.   Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

330.   Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

331.   Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

332.   Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF

would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

333. Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

334. Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

335. Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

336. The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

337. As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

338. Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

339.    Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

340.    Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

341.    As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

342.    Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

343.    As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

344.    Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

345.    Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

346.    Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

347.    Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

348.    Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

349.    Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

350.    Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

351.    Plaintiffs have expended and/or will be required to expend significant financial resources to test and monitor for the presence of latent diseases for many years because of Defendants' conduct.

352.    Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

353.    Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable

possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

354.    Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

## AS AND FOR A SECOND CAUSE OF ACTION: MEDICAL MONITORING

355.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

356.    This cause of action is brought pursuant to Colorado law.

357.    In Colorado, a claim for medical monitoring requires a Plaintiff to establish that: (1) Plaintiff has suffered a significant exposure to a hazardous substance through the tortious actions of defendant; (2) as a proximate result of this exposure, Plaintiff suffers from an increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

358.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of Fountain, Security, and Widefield, due to these communities' proximity to PAFB.

359.    Defendants knew or should have known that exposing humans to PFC-contaminated water would be hazardous to human health and the environment.

360.    Years of consuming PFC-contaminated water has exposed the Plaintiffs to PFOA, PFOS, and potentially other toxic substances as a result of the use, storage, and discharge of AFFF at PAFB.

361.    As alleged in this Complaint, given the persistence and bioaccumulative nature of PFOA and PFOS, PFOA and PFOS exposure leads to the bioaccumulation of PFOA and PFOS in the blood of humans exposed to water contaminated with PFOA and PFOS.

362.    Plaintiffs have suffered an injury due to the bioaccumulation of these hazardous substances in their blood.

363.    Furthermore, individuals with elevated levels of PFOA and PFOS in their blood, such as the Plaintiffs, are at a seriously increased risk of contracting numerous medical conditions, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

364.    Medical tests currently exist that can determine the level of PFOA and PFOS in the blood of an individual who has consumed PFOA- and PFOS- contaminated water.

365.    Given that exposure to and bioaccumulation of elevated levels of PFOA and PFOS in an individual's blood significantly increases the risk of contracting a serious medical

condition, periodic medical examinations are both reasonable and necessary to detect latent diseases.

366.    A thorough medical monitoring plan, following common and accepted medical practices, can and should be developed for Plaintiffs to assist in the early detection and beneficial treatment of the diseases that can develop as a result of exposure to and bioaccumulation of PFOA and PFOS.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

367.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

368.    This cause of action is brought pursuant to Colorado law.

369.    As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

370.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

371.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

372.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

373.    Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

374.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

375.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

376.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

377.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

378.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

379.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

380. Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

381. Defendants' failure to warn was the direct and proximate result of the contamination, leading to the diminution in the value and marketability of the properties of the Plaintiffs. Plaintiffs have suffered the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

382. As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

383. As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

384. As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

385. Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A FOURTH CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

386. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

387. This cause of action is brought pursuant to Colorado law.

388.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

389.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

390.    The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

391.    Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

392.    These alternative designs and/or formulations were already available, practical, and technologically feasible.

393.    The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

394.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

395.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

396.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

397.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

398.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

399.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, the value and marketability of the Plaintiffs' property has been and will continue to be diminished. Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

400.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

401.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

402.    As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

403.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

404.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

405.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

406.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

407.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

408.    Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

409.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

410.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

411.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

412.    an order for an award of attorneys' fees and costs, as provided by law;

413. an award of pre-judgment and post-judgment interest as provided by law; and

414. an order for all such other relief the Court deems just and proper.

## JURY DEMAND

415. Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 7, 2018                    Respectfully Submitted,

**MCDIVITT LAW FIRM**

/s/ Kelly Hyman
Kelly Hyman
Michael W. McDivitt
19 East Cimarron Street
Colorado Springs, CO 80903
Telephone: (719) 471-3700
E-mail: mmcdivitt@mcdivittlaw.com
E-mail: khyman@mcdivittlaw.com

**NAPOLI SHKOLNIK, PLLC**

Hunter Shkolnik
Paul J. Napoli
Louise Caro
Tate J. Kunkle
Patrick J. Lanciotti
360 Lexington Avenue, Eleventh Floor
New York, NY 10017
Telephone: (212) 397-1000
E-mail: pnapoli@napolilaw.com
E-mail: hunter@napolilaw.com
E-mail: lcaro@napolilaw.com
E-mail: tkunkle@napolilaw.com
E-mail: planciotti@napolilaw.com